## The President, Directors, and Co. of the Tombeckbee Bank *against* The State.

*July, 1826.*

IN the Circuit Court of *Washington* County, at the Spring term, 1824, a motion on behalf of the State was made against the President, Directors, and Co. of the *Tombeckbee* Bank, for the penalty of $2000, for having failed to pay into the Treasury the tax on their capital stock for the year 1821. The defendants appeared by Attorney, and claimed the right of a trial by Jury, and moved the Court for the same, but filed no plea. The Court, without the intervention of a Jury, rendered judgment against them for $2000 ; and they assigned this, with various other matters, here as Errors.

If on a motion on behalf of the State, the defendant, although he has not plead, claims the right of trial by Jury, the Court must direct an issue to be made up.

JULY, 1826.

Tombeckbee
Bank
v.
The State.

*Crawford*, for plaintiffs, cited Declaration of Rights, s. 28. 4. Whea. 235. Armstrong and Pinkston *against* The State. (ante, 160).

*Hitchcock* and the Attorney General, for the State.

Judge *Taylor* delivered the opinion of the Court.

In the Statute under which this judgment was recovered, the manner of giving notice and of making the motion is prescribed, but the Statute prescribes no mode by which a Jury is to be empannelled to try disputed facts. By the Record we are informed that the defendants to the motion appeared, and claimed a trial by jury, which was refused by the Court.

For the State it is insisted that there was no Error in this: 1st, because this is a revenue law, and the provision in the Constitution securing the right of trial by Jury was not intended to be applied to cases of this description. 2dly, But if it were, the defendants tendered no plea, and the mere claim of the right could not be noticed by the Court.

There is no doubt but that all the mischiefs intended to be guarded against by this article in the Bill of Rights might be effected, and the citizen as much oppressed, by the undue execution of a revenue law as of any other; and very clear authority would be necessary to sustain the first position taken by the Counsel for the State.

Two modes are adopted in this State for collecting the revenue. By one of them the taxes are collected without the aid of the Courts, and in this no Jury can be required. The power of collecting is confided to a ministerial officer, who is responsible to the citizen for any oppression of which he may be guilty, and thus the trial by Jury is ultimately secured; but in the other mode, where the aid of the Courts is called in to enforce payment, no individual is responsible; and to deprive the citizen of the right of trial by a Jury would, it is conceived, be an infraction of his privilege, and a departure from one of the happiest peculiarities of the common law.

As the proceedings in this case were summary, it was the duty of the Court below, when application was made for a Jury trial, to direct an issue to be made up in such way as to have brought the facts before such Jury.

Without investigating the other assignments, we are unanimously of opinion that the judgment must be reversed.

Judge *Crenshaw* not sitting.